IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KIRSTIE B. COUCH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NUMBER |
| | ) | CV: |
| VON MAUR STORES, INC. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant Von Maur Stores, Inc. (hereinafter "Von Maur" or "Defendant"), by and through its undersigned counsel, hereby notify this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 that it is removing the above-captioned action currently pending in the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice of Removal, Von Maur as follows:

1. Plaintiff Kirstie B. Couch filed this Complaint against Defendant in the Circuit Court for Jefferson County, Alabama on February, 21, 2020 (the "State Court Lawsuit"). Defendant was served with Plaintiff's Complaint on February 28, 2020 and this Notice of Removal is filed with this Court within thirty (30) days as required by 28 U.S.C. § 1446(b). True and correct copies of all documents filed in the State Court Lawsuit are attached hereto as Exhibit 1.

1

2. The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. §1332, because: (1) there is complete diversity of citizenship between Plaintiff and the Defendant, and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

3. In accordance with 28 U.S.C. § 1446(d), Von Maur filed a copy of its original Notice of Removal (without exhibits) with the Clerk of the Circuit Court for Jefferson County, Alabama.

4. In accordance with 28 U.S.C. § 1446(d), Von Maur also gave written notice to Plaintiff by serving its Notice of Removal on counsel for Plaintiff.

5. As required by 28 U.S.C. § 1441, Von Maur seeks to remove this case to the United States District Court for the Northern District of Alabama, Southern Division which is the District Court embracing the place where the State Court Lawsuit has been filed.

## THE PARTIES ARE COMPLETELY DIVERSE

6. Upon information and belief, at the time of commencement of this action and since that time, Plaintiff is a resident citizen of Jefferson County in the State of Alabama.   See Plaintiff's Complaint para 1.

7. Defendant Von Maur is incorporated and organized under the laws of the State of Iowa, having its principal place of business in the State of Iowa. Von Maur is thus a citizen of Iowa.

8. Accordingly, it is undisputed that complete diversity of citizenship existed between Plaintiff and all named Defendants at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal as required by 28 U.S.C. § 1332. The fact that Plaintiff has sued unnamed or "Fictitious" defendants is irrelevant. It is axiomatic under the removal statute that "[t]he citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); see also Green v. America Online, 318 F.3d 465, 470 (3d Cir. 2003) ("[Plaintiff] argues that the removal was defective because the John Doe defendants did not join the notice of removal. However, the general rule that all defendants must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown.")

9. Venue lies in this Court because Plaintiff's action is pending in this district and division. See 28 U.S.C. § 1441(a).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS

10. In order to be removable, there must be at least $75,000 in controversy, exclusive of interest and costs. See 28 U.S.C. § 1332(a). The Eleventh Circuit holds that in a case "where the plaintiff has not pled a specific

amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted).

11. In the present case, Plaintiff alleges a personal injury for which she seeks damages for past and future medical expenses, continuing pain, past and future lost wages, loss of income, loss of earning capacity and lost employment benefits. Complaint pages 1-2. Plaintiff further seeks compensatory and punitive damages to be determined by the jury. Plaintiff's Complaint pages 4- 5. Moreover, Plaintiff's pre-suit demand letter exceeds the jurisdictional threshold. (Demand letter in the amount of $100,000.00 attached as Exhibit 2)

12. Quoting Judge Acker in Jones v. Hartford Fire Ins. Co., 2013 WL 550419, *1 (N.D. Ala. Feb. 7, 2013), "[T]he moment a state court plaintiff seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." See also, Seckel v. Travelers Home & Marine Ins. Co., 2013 WL 360421, *2 (N.D. Ala. Jan. 29, 2013) ("Although Mr. Seckel only specifically claimed $26,430 in actual damages in his state court complaint, the unspecified damages he seeks for his alleged emotional distress and unjust enrichment claims allow the Defendant to meet the amount in controversy requirement. Without an affidavit from Mr. Seckel stating that he will

not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES Mr. Seckel's motion to remand."); Smith v. State Farm Fire & Cas. Co., 868 F.Supp.2d 1333, 1335 (N.D. Ala. 2012) ("[P]laintiffs... who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court[.]"),

13.     The allegations on the face of Plaintiff's Complaint establish that the amount in controversy exceeds the jurisdictional minimum under 28 U.S.C. § 1332 inasmuch as Plaintiff seeks compensatory and punitive damages and has failed to disclaim an entitlement to more than $74, 999.99.

14.     Although a removing defendant has the burden of proving the existence of federal jurisdiction, "where a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*, Cohen v. Office Depot, Inc., 204 F3d 1069 (11th Cir. 2000).  Thus, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the

amount in controversy more likely than not exceeds the [$75,000][1] jurisdictional requirement." Tapscott, 77 F.3d at 1357.

15.   In satisfying its burden on removal, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). To the contrary, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting Pretka, 608 F.3d at 754). Put simply, "a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (quoting Pretka, 608 F.3d at 754). See also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014) ("[A]ll that is required [by a removing party in its notice of removal] is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'").

---

1   Tapscott was based on the former $50,000 jurisdiction amount under U.S.C. § 1332 as it existed prior to the effective date of the October 19, 1996, amendment raising the jurisdiction amount to $75,000, so the actual quote from Tapscott says "$50,000."

16. As provided *supra*, in addition to seeking compensatory damages, Plaintiff in the present case is asserting a claim that allows and permits punitive damages to be recovered if proven. <u>See</u>, Plaintiffs' Complaint. It is well-settled that such exemplary or punitive damages ***are to be included*** in analyzing whether the amount in controversy requirement of diversity jurisdiction is met. <u>See</u>, e.g. <u>Bassett v. Toyota Motor Credit Corp.</u>, 818 F. Supp. 1462 (S.D.Ala. 1993) (emphasis added).

17. Because Plaintiff seeks compensatory damages along with punitive damages that could be awarded under the causes of action plead, the Plaintiff's demand far exceeds the jurisdictional threshold and the Plaintiff has not specifically rejected or limited any amount over $75,000, the amount in controversy is satisfied.

## **CONCLUSION**

1. Based on the foregoing, Von Maur has met its burden of showing that the amount in controversy exceeds the jurisdictional requirement of $75,000.

2. In sum, because there is complete diversity of citizenship between Plaintiff and all named Defendants, and, because the amount in controversy exceeds the $75,000.00 jurisdictional threshold, Defendant Von Maur may remove this action pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446. This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties. Furthermore, this notice of removal is

timely as it is being filed within thirty (30) days after Von Maur was served with Plaintiffs' Complaint.

WHEREFORE, Defendant Von Maur respectfully requests that the above-captioned action now pending in the Circuit Court for Jefferson County, Alabama, be removed to the District Court for the Northern District of Alabama, Southern Division and that said District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted on this the 30th day of March, 2020.

/s/ <em>James A. Kee, Jr., ASB-4314-e68J</em><br>
Cynthia A. Martin, ASB-2044-i49c<br>
Attorneys for Defendant<br>
Von Maur Stores, Inc.

OF COUNSEL:

MASSEY, STOTSER & NICHOLES, PC
1780 Gadsden Highway
Birmingham, Alabama 35235
(205) 838-9000
jkee@msnattorneys.com
cmartin@msnattorneys.com

## **CERTIFICATE OF SERVICE**

I, James A. Kee, Jr., certify that I have this the **30th day of March, 2020,** electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to counsel who are CM/ECF participants, and I hereby certify that I have served the document to any non-CM/ECF participants using their email address and/or regular mailing address via U.S. Mail, postage prepaid.

Paul A. Spina, Esq.
Shunnarah Injury Lawyers, P.C.
2900 First Avenue South
Birmingham, Alabama 35233
psina@asilpc.com

*/s/ James A. Kee, Jr., ASB-4314-e68J*
OF COUNSEL