FILED

2020 Mar-30  PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "1"

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: ALISON NUNNELEE**

County: **01**   Case Number: **CV-2020-900741.00**   Court Action:

Style: **KIRSTIE B COUCH V. VON MAUR STORES INC**

Real Time

### Case

#### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **01-JEFFERSON -** | Case Number: | **CV-2020-900741.00** | Judge: | **RSV:ROBERT S. VANCE** |
| Style: | **KIRSTIE B COUCH V. VON MAUR STORES INC** | | | | |
| Filed: | **02/21/2020** | Case Status: | **ACTIVE** | Case Type: | **NEGLIGENCE-GENERAL** |
| Trial Type: | **JURY** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **1** | | |

#### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

#### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: |
| Revised Judgement Date: | | Minstral: | | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | |

#### Comments

Comment 1:

Comment 2:

#### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date of Appeal: | Disposition Type Of Appeal: | |

#### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subpoenas: | Last Update: **02/21/2020** | Updated By: **AJA** |

### Parties

#### Party 1 - Plaintiff INDIVIDUAL - COUCH KIRSTIE B

##### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **COUCH KIRSTIE B** | | | Type: | **I-INDIVIDUAL** |
| Index: | **D VON MAUR STO** | Alt Name: | | Hardship: | **No** | JID: | **RSV** |
| Address 1: | **2900 1ST AVENUE SOUTH** | | | Phone: | **(205) 000-0000** | | |

| | | | | | |
|---|---|---|---|---|---|
| Address 2: | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35233-0000** Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | SPI015 | | SPINA PAUL ANTHONY III | PSPINA@ASILPC.COM | (205) 983-8136 |

### *Party 2 - Defendant BUSINESS - VON MAUR STORES INC*

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **VON MAUR STORES INC** | Type: | **B-BUSINESS** |
| Index: | **C COUCH KIRSTI** | Alt Name: | | Hardship: **No** | JID: **RSV** |
| Address 1: | **2 NORTH JACKSON ST** | | | Phone: **(205) 000-0000** | |
| Address 2: | **SUITE 605** | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | **02/25/2020** Issued Type: | **C-CERTIFIED MAIL** Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | **02/28/2020** Service Type | **C-CERTIFIED MAIL** Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $13.65 | $13.65 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $18.59 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $306.00 | $306.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $464.65 | $483.24 | -$18.59 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/24/2020 | CREDIT | CONV | 2020101 | 958500 | $18.59 | C001 | 000 | | N | | | DOG |
| 02/24/2020 | RECEIPT | AOCC | 2020101 | 958490 | $13.65 | C001 | 000 | | N | | | DOG |
| 02/24/2020 | RECEIPT | CV05 | 2020101 | 958510 | $306.00 | C001 | 000 | | N | | | DOG |
| 02/24/2020 | RECEIPT | JDMD | 2020101 | 958520 | $100.00 | C001 | 000 | | N | | | DOG |
| 02/24/2020 | RECEIPT | VADM | 2020101 | 958530 | $45.00 | C001 | 000 | | N | | | DOG |

## Case Action Summary

| Date: | Time | Code | Comments | | Operator |
|---|---|---|---|---|---|
| 2/21/2020 | 5:41 PM | FILE | FILED THIS DATE: 02/21/2020 | (AV01) | AJA |
| 2/21/2020 | 5:41 PM | EORD | E-ORDER FLAG SET TO "Y" | (AV01) | AJA |
| 2/21/2020 | 5:41 PM | ASSJ | ASSIGNED TO JUDGE: ROBERT S. VANCE | (AV01) | AJA |
| 2/21/2020 | 5:41 PM | SCAN | CASE SCANNED STATUS SET TO: N | (AV01) | AJA |
| 2/21/2020 | 5:42 PM | TDMJ | JURY TRIAL REQUESTED | (AV01) | AJA |
| 2/21/2020 | 5:42 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE | (AV01) | AJA |
| 2/21/2020 | 5:42 PM | ORIG | ORIGIN: INITIAL FILING | (AV01) | AJA |
| 2/21/2020 | 5:42 PM | C001 | C001 PARTY ADDED: COUCH KIRSTIE B | (AV02) | AJA |
| 2/21/2020 | 5:42 PM | C001 | C001 E-ORDER FLAG SET TO "Y" | (AV02) | AJA |
| 2/21/2020 | 5:42 PM | C001 | LISTED AS ATTORNEY FOR C001: SPINA PAUL ANTHONY I | | AJA |
| 2/21/2020 | 5:42 PM | C001 | INDIGENT FLAG SET TO: N | (AV02) | AJA |
| 2/21/2020 | 5:42 PM | D001 | D001 PARTY ADDED: VON MAUR STORES INC | (AV02) | AJA |
| 2/21/2020 | 5:42 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE | (AV02) | AJA |
| 2/21/2020 | 5:42 PM | D001 | INDIGENT FLAG SET TO: N | (AV02) | AJA |
| 2/21/2020 | 5:42 PM | D001 | D001 E-ORDER FLAG SET TO "Y" | (AV02) | AJA |
| 2/21/2020 | 5:42 PM | D001 | CERTIFIED MAI ISSUED: 02/21/2020 TO D001 | (AV02) | AJA |
| 2/21/2020 | 5:42 PM | ECOMP | COMPLAINT E-FILED. | | SPI015 |
| 2/25/2020 | 11:23 AM | D001 | CERTIFIED MAI ISSUED: 02/25/2020 TO D001 | (AV02) | ELN |
| 2/25/2020 | 11:28 AM | ESCAN | SCAN - FILED 2/24/2020 - NOTICE | | ELN |
| 3/5/2020 | 11:13 AM | D001 | SERVICE OF CERTIFIED MAI ON 02/28/2020 FOR D001 | | ROD |
| 3/5/2020 | 11:14 AM | ESERC | SERVICE RETURN | | ROD |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 2/21/2020 5:42:54 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 2/21/2020 5:42:54 PM | 2 | COMPLAINT | | 10 |
| 2/21/2020 5:42:54 PM | 3 | INTERROGATORIES(R33) | Discovery to Def ROGS RFP | 8 |
| 2/21/2020 5:43:13 PM | 4 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 2/21/2020 5:43:13 PM | 5 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 2/25/2020 11:28:51 AM | 6 | NOTICE | S\C | 2 |
| 3/5/2020 11:14:34 AM | 7 | SERVICE RETURN | SERVICE RETURN | 2 |
| 3/5/2020 11:14:48 AM | 8 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 1 |

 *END OF THE REPORT*

ELECTRONICALLY FILED
2/21/2020 5:42 PM
01-CV-2020-900741.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **KIRSTIE B. COUCH, an individual,** | ) | ***JURY TRIAL IS REQUESTED*** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 01-CV-2020_____** |
| | ) | |
| **VON MAUR STORES, INC.,** | ) | |
| **a corporation;** | ) | |
| | ) | |

**FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, any entity which had the duty to maintain the safe condition of the premises at the property/business in question; No. 2, any entity which had a duty to warn and failed to warn, had a duty to issue and failed to issue or issued inadequate warning or instructions, regarding the hazardous condition to Plaintiff at the property/business in question; No. 3, any entity which had a duty to inspect the area in question for hazards, hidden defects or dangerous conditions at the property/business in question;  No. 4, any entity which placed, allowed or caused the hazard condition in question to manifest at the property/business in question; No. 5, whether any entity which provided general liability or premises liability or medical payment coverage to the property/business in question; No. 6, any entity which conducted safety inspections or analyses or provided consulting services pertaining to the area in question at the property/business in question; No. 7, any entity which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; No. 8, any entity which was involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint;  No. 9, any entity which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff;  No. 10, any entity which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence;  No. 11, any entity other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit;  No. 12, any entity which reinsured or provided excess coverage for said premises;  No. 13, any entity which is the successor in interest of any of those entities described herein;  No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein;  No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained,**

**Defendants.**                                  **)**
                                                 **)**

## COMPLAINT

### PARTIES

1.      Plaintiff, Kirstie B. Couch (hereinafter referred to as "Plaintiff"), is an individual over the age of nineteen (19) years and is a resident of Jefferson County, Alabama.

2.      Defendant Von Maur Stores, Inc., (hereinafter referred to singularly as "Defendant Von Maur," or together with Fictitious Defendants as "Defendants"), is a domestic corporation who operates a business at 2400 Galleria Circle, Hoover, Alabama 35244.

3.      Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

### FACTUAL BACKGROUND

4.      On or about the 24th day of February 2018, Plaintiff was an invitee of Defendant Von Maur located at 2400 Galleria Circle, Hoover, Alabama 35244, when Plaintiff suffered a fall on the premises.

5.      The hazardous condition and/or area present that day originated from an unknown source.

6.      Defendants controlled, owned and maintained the said premises.

7.      Defendants negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to Plaintiff's person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions.  Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a

hazard by allowing the hazardous condition to remain in the area in question which was in the path of invitees of the Defendant; further, the Defendant was negligent and/or wanton in creating a hazardous condition in the path of invitees and did not provide adequate warning to Plaintiff.

8.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

   a.   Plaintiff suffered injuries to various portions of plaintiff's body;

   b.   Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

   c.   Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

   d.   Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

   e.   Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

   f.   Plaintiff has experienced and continues to experience mental anguish;

   g.   Plaintiff is reasonably certain to experience mental anguish in the future;

   h.   Plaintiff was caused to incur out-of-pocket medical expenses; and

   i.   Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits.

## COUNT I - NEGLIGENCE

9.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

10.     As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

11.     Defendants negligently caused or allowed Plaintiff to be injured on their premises as they failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their invitees of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by invitees. Further, Defendant(s) were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises that was a hazard to their invitees.

12.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

13.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

14.     As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

15.     Defendants recklessly and/or wantonly caused or allowed Plaintiff to be injured at their establishment by failing to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition and were wanton in creating a hazard of a liquid material on the floor in the path of invitees of the store and were wanton in affirmatively creating a hazard of allowing a clear liquid to be placed or allowed to remain on a route regularly used by its invitees in a location that would likely lead to harm to its invitees due to the location of the hazard.

16.     Defendants recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be placed or to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to its invitees, and did cause injury to Plaintiff.

17.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth above, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY

18.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

19.     As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

20.     Defendants negligently, recklessly and/or wantonly caused or allowed a hazard to remain in an area that was used by its invitees.

21.     At the aforesaid time and place, Defendants were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place as an invitee. Further, if any defects in their owned or leased premises existed, Defendants had the duty to warn its invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees.  Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place as in invitee and by failing to warn the Plaintiff of the hazard and/or defect which were encountered which was known to Defendant or which Defendant negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

22.     Defendants were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured. Defendants also controlled the inspecting and maintaining of said invitee areas and Defendants are also responsible for establishing patterns and routes for its invitees to walk and/or travel around and about the premises at the time and place of the occurrence made the basis of Plaintiff's complaint. Defendants negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which Plaintiff was injured to be unreasonably hazardous or by ignoring the present hazard or creating the hazard by their process of organizing, cleaning, polishing, etc.  Said Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner

in which the floor was maintained and presented to the invitees for their use in ambulating and/or traveling about the store as invitees moved about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

23.    Plaintiff avers that Defendants negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff.  Defendants negligently, wantonly, recklessly and/or willfully caused or allowed the hazardous condition to remain in a foreseeably traveled area in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

24.    At the aforesaid time and place, Defendants did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

25.    Defendants negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

26.    Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendants.

27.    The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

28.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

29.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

30.     As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from a hazardous condition at the Defendant's premises.

31.     Defendants were under an obligation and duty to train and supervise their employees to properly inspect the foreseeably accessible areas for their invitees so that there are no dangerous conditions which were not readily discoverable to their invitees.

32.     Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property and/or premises free and clear of dangerous conditions. Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

33.     As a direct and proximate consequence of Defendants' negligent, reckless and wanton training and supervision, Plaintiff was injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including

interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of

fact for all claims under this lawsuit.


                  Respectfully Submitted,


                  ***/s/ Paul A. Spina III***

                  Paul A. Spina III (SPI015)

                  Attorney for Plaintiff


**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.

2900 First Avenue South

Birmingham, Alabama 35233

Phone:      (205) 983-8136

Facsimile:   (205) 983-8511

Email:      psina@asilpc.com


**Plaintiff's Address:**

c/o Paul A. Spina III

Shunnarah Injury Lawyers, P.C.

2900 First Avenue South

Birmingham, Alabama 35233

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

**VON MAUR STORES, INC.**
**2 NORTH JACKSON STREETS**
**SUITE 605**
**MONTGOMERY, ALABAMA 36104**

**PLEASE SERVE THE ATTACHED DISCOVERY WITH THE COMPLAINT**

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **KIRSTIE B. COUCH, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 01-CV-2020_____** |
| | ) | |
| **VON MAUR STORES, INC.,** | ) | |
| **a corporation; et. al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S JURY DEMAND

COMES NOW the Plaintiff, Kirstie B. Couch, and hereby requests a trial by struck jury.

Respectfully Submitted,

*/s/ Paul A. Spina III_____*
Paul A. Spina (SPI015)
Attorney for Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
2900 First Avenue South
Birmingham, Alabama 35233
Phone:          (205) 983-8136
Facsimile:     (205) 983-8511
Email:          psina@asilpc.com

**Plaintiff's Address:**
c/o Paul A. Spina III
Shunnarah Injury Lawyers, P.C.
2900 First Avenue South
Birmingham, Alabama 35233

ELECTRONICALLY FILED
2/21/2020 5:42 PM
01-CV-2020-900741.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **KIRSTIE B. COUCH, an individual,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **CASE NO.: 01-CV-2020_____** |
| | ) |
| **VON MAUR STORES, INC.,** | ) |
| **a corporation; et. al.** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT VON MAUR STORES, INC.

**COMES NOW** the Plaintiff in the above styled cause and requests that Defendant, Von Maur Stores, Inc. (hereinafter referred to as "Defendant" or as Von Maur) answer the following Interrogatories and Request for Production within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the Interrogatories or in Defendant's response thereto or that Defendant state the date and time that said documents will be produced for inspection and copying at the offices of Plaintiff's attorneys.

**NOTE:** These Interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant's attorney subsequent to its original response. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the first day of the trial of this cause.

1.      State whether the name of the Defendant, Von Maur, is properly designated in the complaint and, if not, please provide the proper entity name and the type of entity, including the names of its operating management and any Board members.

        **RESPONSE:**

2.      State the name and title of each person who is participating in responding to these discovery requests.

        **RESPONSE:**

3.      State whether you received notice of the accident made the basis of this complaint (hereinafter referred to as "the accident") from any person, and, if so, for each person state:

                a. the date, time and place when you received the notice;
                b. the name, address and telephone number of the person from whom you received notice;
                c. whether the notice was written or oral;
                d. if written, the name and address of the person who now has custody of the notice and attach a copy of each written notice to your answers to these discovery requests; and
                e. if oral, the substance of the notice.

        **RESPONSE:**

4.      Provide the name and last known address of each employee or agent of the Defendants, named and fictitious, (hereinafter referred to as Defendant) who assisted plaintiff Kirstie B. Couch, or spoke with plaintiff Kirstie B. Couch following the accident, and state whether said persons are still employees or agents of the Defendant.

        **RESPONSE:**

5.      State the name and address of each person or entity who, on February 24, 2018, was the owner or otherwise maintained custody and control of the premises of Von Maur, located at 2400 Galleria Circle, Hoover, Alabama 35244.

        **RESPONSE:**

6.      State whether the premises upon which the accident occurred, was subject to any lease agreements on February 24, 2018, and, if so, for each lease, attach a copy of each lease to your answers to these discovery requests.

        **RESPONSE:**

7.      Identify each person or entity not a party to this action who managed, maintained and/or controlled the property upon which the accident occurred, setting forth for each person:

a. the name and address of the person or entity;
b. the job title of the responsible or lead person;
c. a description of that person's duties;
d. a description of that person's financial interest in the business;
e. the inclusive dates of management up until the present time;
f. a description of the person's qualifications and experience in managing this type of property;
g. the name and address of each other business at which the person has been employed, and the inclusive dates of that employment;
h. the name, address and job title of the person who was in charge of the property at the time of the accident; and
i. that person's whereabouts at the time of the accident.

**RESPONSE:**

8.      State whether any employee or agent of the Defendant was responsible for supervising the safety and security of the premises at the time of the accident, and, if so, for each person, state:

a. the name and address of the person;
b. the person's job title;
c. a description of that person's duties; and
d. that person's location at the time of the accident.

**RESPONSE:**

9.      State whether the area of the premises where the accident occurred had, on February 24, 2018, a particular designation, and, if so, identify this designation for use in this litigation.

**RESPONSE:**

10.      State whether you contend the condition of the area and walkway did not cause the plaintiff to fall, and, if so, state:

a. what you contend caused the plaintiff to fall; and
b. a description of the facts on which you base this contention.

**RESPONSE:**

11.      State whether there was a rug, mat, or other form of floor covering, on the floor at the time of the accident, and, if so, state:

a. the designation or a description of the type of covering;
b. the dimensions of the covering; and

c. whether the covering was fastened to the floor, and, if so, by what means.

**RESPONSE:**

12.    State the means by which the scene of the accident was lighted and whether said lighting was operating at the time that the plaintiff was injured.

**RESPONSE:**

13.    If any lighting was by artificial means, state:

        a. the type of lights used;
        b. the number of lights;
        c. the wattage of each light;
        d. the distance of each light from the scene of the accident; and
        e.  whether said light complied with applicable building codes and/or standards.

**RESPONSE:**

14.    State whether any employee, owner, or agent of the owner or other entity responsible for maintaining the specific area of the premises upon which the accident occurred, received any complaint, warning, or other notice, concerning a dangerous or defective condition on the premises prior to the accident, and, if so, for each complaint, warning, or other notice, state:

        a. the date and time when the notice was received;
        b. whether the notice was written or oral;
        c. if oral, the substance of the notice;
        d. the name, or other means of identification, and address of the person from whom the notice was given;
        e. the name, address and job title of the person who received the notice and the name and address of each person who gave such notice;
        f. the nature and location of the danger, or defect, to which the notice related;
        g. whether any action was taken as a result of the notice, and, if so, a description of the action, and the time at which it was taken;
        h. attach a copy of each written complaint, warning or other notice to your answers to these discovery requests;  and
        i.  attach a copy of any documents reflecting any action taken in response to said complaint, warning or notice.

**RESPONSE:**

15.    State whether any inspection was made by any person, entity or agency prior to the accident to determine whether the area where the plaintiff was injured was in a safe condition for use by customers, and, if so, state:

a. the frequency of these inspections;
b. the date and time of the last inspection prior to the accident;
c. the name, address and job title of each person who made the last inspection;
d. a description of, or the substance of, the findings that were made on the last inspection prior to the accident; and
e. whether any violations of any and all applicable building codes or standards were noted.

**RESPONSE:**

16.     State whether any inspection was made of the scene of the accident subsequent to the accident, and, if so, state:

a. the date and time when the inspection was made;
b. the name, address and job title of each person who made the inspection; and
c. a description of what findings were made.

**RESPONSE:**

17.     State whether any warning was given to the plaintiff, or any other person, concerning any danger in the area where the accident occurred, and, if so, for each warning, state:

a. a description of, or the substance of, the warning that was given;
b. the name, or other means of identification, and address of the person who gave the warning;

c. the name, or other means of identification, and address of each person to whom the warning was given;
d. the form in which the warning was given;
e. the reason for which the warning was given; and
f. whether such warning complied with applicable building codes or standards.

**RESPONSE:**

18.     State whether any other accident occurred on the premises, in the same area as, or in a similar manner, prior to the accident in which the plaintiff was injured, and, if so, for each accident, state:

a. the date and time it occurred;
b. a description of how it occurred;
c. the name, or other means of identification, and address of the person(s) involved in the accident;
d. the location in which it occurred; and
e. whether any safety precaution was taken as a result of it, and, if so, a description of such safety precaution.

**RESPONSE:**

19.     State whether an investigation was made by an employee or agent of the Defendant, as a result of the accident, and, if so, for each investigation, state:

       a. the date on which the investigation was made;
       b. the name, address and occupation of each person who made the investigation;
       c. whether any report was made of the investigation, and, if so, the name and address of the person who has custody of the report; and
       d. attach a copy of each investigation report to your answers to these interrogatories.

**RESPONSE:**

20.     State whether you received or made a report of the accident from the plaintiff or any other person, and, if so, for each person, state:

       a. that person's name and address;
       b. the date and time when the report was made; and
       c. produce a copy of said report.

**RESPONSE:**

21.     State whether you contend that the plaintiff was guilty of contributory negligence or assumption of the risk, and, if so, state each and every fact upon which you base this contention.

**RESPONSE:**

22.     State whether there was a policy of insurance that covered the premises known as Von Maur, located at 2400 Galleria Circle, Hoover, Alabama 35244 on February 24, 2018, against the type of risk here involved, and, if so, for each policy, state:

       a. the name and address of the insurer;
       b. the number of the policy;
       c. the effective dates thereof;
       d. the nature of the coverage;
       e. the limits of liability; and
       f. the name and address of the custodian of the policy.

**RESPONSE:**

23.     Identify and provide any and all statements that were obtained by the Defendant, from any person concerning the accident, and, for each statement, state:

       a. the name, address, occupation and name of employer of the person who made the statement;

b. the name, address and occupation of the person who obtained the statement;
c. the date and time when the statement was obtained;
d. whether the statement was written or oral; and
e. if written, the name and address of the person who has custody of the statement.

**RESPONSE:**

24.   State whether any person witnessed the accident, and, if so, for each person, state:

a. that person's name, or other means of identification, address, occupation, and the name of that person's employer;
b. the location from which that person witnessed the accident; and
c. the substance of any information provided by said witness.

**RESPONSE:**

25.   State the name and address, or other means of identification, of each person, who has any knowledge concerning:

a. the condition of the area where the accident occurred in the three (3) hours prior to the accident; and
b. any fact, or record, relating to the accident.

**RESPONSE:**

26.   State whether any claims were made, or suit filed, to any insurance carriers for injuries or property damage suffered by others in the area of the accident. If so, provide the name of the party asserting the claim and the style of any suit filed.

**RESPONSE:**

27.   Produce any photographs of the area in which the accident occurred in the condition as it existed at the time of the accident.

**RESPONSE:**

28.   Did any agent of the Defendant have any conversation with plaintiff, Kirstie B. Couch, or others with knowledge of her accident, on February 24, 2018 or thereafter in reference to her fall? If so, give the details of such conversations.

**RESPONSE:**

29.   State the names and addresses of all persons having knowledge of the facts set forth in the complaint or facts which would support any defenses asserted.

**RESPONSE:**

30.   State the names and addresses of all expert witnesses to be presented by defendants and provide details in accord with Alabama Rules of Civil Procedure Rule 26.

**RESPONSE:**

31.   State any and all facts upon which defendants plan to base any defense raised to the claims made the basis of Plaintiffs' suit.

**RESPONSE:**

Respectfully Submitted,


*/s/ Paul A. Spina III*
Paul A. Spina (SPI015)
Attorney for Plaintiff

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
2900 First Avenue South
Birmingham, Alabama 35233
Phone:        (205) 983-8136
Facsimile:   (205) 983-8511
Email:        psina@asilpc.com


**Plaintiff's Address:**
c/o Paul A. Spina III
Shunnarah Injury Lawyers, P.C.
2900 First Avenue South
Birmingham, Alabama 35233


**TO BE SERVED UPON DEFENDANT WITH THE SUMMONS AND COMPLAINT**



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
KIRSTIE B COUCH V. VON MAUR STORES INC

01-CV-2020-900741.00

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $13.65

Parties to be served by Certified Mail - Return Receipt Requested

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

VON MAUR STORES INC                                         Postage: $13.65
2 NORTH JACKSON ST
SUITE 605
MONTGOMERY, AL 36104

Parties to be served by First Class Mail

**U.S. Postal Service**™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

| Certified Mail Fee |
| --- |
| $ |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for instructions

7019 2970 0002 1060 9605

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

VON MAUR STORES INC
2 NORTH JACKSON ST
SUITE 605
MONTGOMERY, AL 36104

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5247 9154 3832 90

2. Article Number *(Transfer from service label)*

7019 2970 0002 1060 9605

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                          ☐ Agent
                                           ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

CV2020 900741 5/0

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail Restricted Delivery
   *(over $500)*

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

DOCUMENT 7

## SENDER: *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

VON MAUR STORES INC

2 NORTH JACKSON ST
SUITE 605

MONTGOMERY, AL 36104

‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5247 9154 3832 90

2. Article Number *(Transfer from service label)*

7019 2970 0002 1060 9605

## *COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Jennifer Lockwood*
☐ Agent
☐ Addressee

B. Received by *(Printed Name)* | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No



3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...il
☐ ...il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



USPS TRACKING #

9590 9402 5247 9154 3832 90



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service



• Sender: Please print your name, address, and ZIP+4® in this box•

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

MAR 04 2020

JACQUELINE ANDERSON SMITH
CLERK

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203